TORRUELLA, Circuit Judge
(dissenting).
With all due respect I cannot agree that the Rhode Island statute in question, Gen. Laws ch. 11-27-2, unconstitutionally burdens interstate commerce. See Maine v. Taylor, — U.S. -, 106 S.Ct. 2440, 91 L.Ed.2d 110 (1986). That statute, which undertakes to define what constitutes the practice of law,[1] has been interpreted to generally prohibit nonlawyers from engaging in third party debt collection, Creditors’ Service Corporation v. Cummings, 57 R.I. 291, 306 (1937). There is, however, nothing in its content or in the judicial interpretations circumscribing its reach, to indicate that it is a state-protectionist statute. On its face, and as far as the record is concerned, the statute applies with equal *291 force to local as well as interstate debt collections.
The Supreme Court in Taylor reminded us of the long-standing constitutional proposition to the effect that “[t]he limitation imposed by the Commerce Clause on state regulatory power ‘is by no means absolute’, and [that] ‘the States retain authority under their general police powers to regulate matters of ‘legitimate local concern’, even though interstate commerce may be affected.” Taylor, 106 S.Ct. at 2447.[2]
In my opinion the statute as interpreted is nothing more than the exercise of Rhode Island’s police power in determining how best to protect its citizens from what is an acknowledged “wide spread and serious national problem.” 1977 U.S.Code Cong. & Admin.News 1695, 1696. Except for the fact that the Federal Fair Debt Collection Practice Act, 15 U.S.C. § 1692, et seq., postdates the Rhode Island statute, it could very well be argued that Congress encouraged such legislation when it stated that “[t]he primary reason why debt collection abuse is so widespread is the lack of meaningful legislation on the state level.” 1977 U.S.Code Cong. & Admin.News 1695, 1696. The effect of Section 1692n[3] of the federal law is not only to reduce the areas of possible conflict between the Federal statute and relevant state legislation, but also to allow for more stringent local protection for affected citizens; it quite pointedly licensed the states to place burdens on interstate commerce.
The Court in Taylor indicated that “[i]n determining whether a State has overstepped its role in regulating interstate commerce, [there is a distinction] between state statutes that burden interstate transactions only incidentally, and those that affirmatively discriminate against such transactions ... [S]tatutes in the first group violate the Commerce Clause only if the burdens they impose on interstate trade are ‘clearly excessive in relation to the putative local benefits’, ... statutes in the second group are subject to more demanding scrutiny.” Taylor, 106 S.Ct. at 2447-48 (emphasis supplied). Because, as previously stated, the statute in question does not distinguish or differentiate in any way between Rhode Island and interstate transactions of the nature here involved, it cannot be said that the statute discriminates against interstate transactions.[4] Furthermore, it cannot be said that the method chosen by Rhode Island is “clearly excessive” in relation to the perceived benefits to its citizenry (i.e., third party collection of debts by persons subject to a strict code of ethics and disciplinary control), any more than if that state had opted to license all debt collectors indiscriminately. See Silver v. Woolf, 694 F.2d 8 (2d Cir.1982) (Connecticut statute requiring licensing of all consumer collection agencies within the state not an invalid burden on interstate commerce even as applied to a corporation which had no offices or employees in Connecticut).
Because I consider that any burden on interstate commerce imposed by R.I.Gen. Laws ch. 11-27-2 is incidental and thus not unconstitutional, I would affirm the decision of the district court.

. R.I.Gen.Laws § 11-27-2, the term "practice of law”:
shall be deemed to include ... (3) the undertaking or acting as a representative or on behalf of another person to commence, settle compromise, adjust or dispose of any civil or criminal case or cause of action.

. Citing from Lewis v. B.T. Investment Managers, Inc., 447 U.S. 27, 36, 100 S.Ct. 2009, 2015, 64 L.Ed.2d 702 (1980).

. 15 U.S.C. § 1692n.
This subchapter does not annul, alter, or affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to debt collection practices, except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency. For purposes of this section, a State law is not inconsistent with this subchapter if the protection such law affords any consumer is greater than the protection provided by this subchapter.

.See Webster’s Third New International Dictionary, p. 648.